UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| TONY WILLIAMS, | 3:12-cv-00660-MMD-WGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| S.L. FOSTER, et. al. | |
| Defendants. | |

Before the court are various motions filed by Defendants which seek leave to file documents in connection with their dispositive motions under seal. (Docs. # 32, 33, 38, 47, and 48.)[1]

## I. BACKGROUND

At all relevant times, Plaintiff Tony Williams was in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Sec. Am. Compl., Doc. # 25.) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) The events giving rise to this action took place while he was housed at Ely State Prison (ESP). (*Id.*) Defendants are Sheryl Foster, Renee Baker, and Mike Oxborrow. (*Id.*) Plaintiff's Second Amendment Complaint was allowed to proceed with his claims that Defendants violated his rights under the Equal Protection Clause because of his status as an inmate under the Interstate Corrections Compact (ICC). (Doc. # 31.)

On March 31, 2014, Defendants filed their Motion to Dismiss Per FRCP 12(b)(1) and 12(b)(6), and Motion for Summary Judgment Per FRCP 56. (Docs. # 34/40.) In connection with these motions, they initially filed a motion for leave to file confidential documents under seal (Doc. # 32), and two motions for leave to file confidential documents submitted in support of the motions in camera. (Docs. # 33/39.)

---

[1] Refers to court's docket number.


1    In Doc. # 39, they sought leave to file three exhibits in support of their dispositive motions in camera: (1) Exhibit C-the unredacted declaration of Harold Byrne; (2) Exhibit E-containing records related to Plaintiff's Security Threat Group (STG) status; and (3) Exhibit I-Plaintiff's pre-sentence investigation report (PSI).

The court issued an order denying Doc. # 39. (Doc. # 46.) The court advised Defendants that a document filed in camera, opposed to one filed under seal, is viewed only by the court but may not be viewed by other parties or the public. LR 10-5. Documents filed under seal, on the other hand, can be viewed by the court and other parties, but not by the public. *Id*. The court then set out the standard for sealing documents, instructing Defendants that if they seek to keep documents filed in connection with a dispositive motion under seal, they must demonstrate compelling reasons that outweigh the general history of public access to documents. (Doc. # 46 at 2.) The court also apprised Defendants that it would not agree to allow Defendants to proceed with a dispositive motion that relied on evidence the Plaintiff was not permitted to review by filing the documents in camera.

The court reviewed the exhibits, and determined, with one exception, that "compelling reasons" exist for filing the documents under seal, but that there was no basis for the documents to be filed in camera. (Doc. # 46 at 3.)

In its review of Exhibit C submitted by Defendants in camera, the unredacted declaration of Harold Byrne, the court concluded that it contained one paragraph with a portion redacted (¶ 5) and one paragraph that was entirely redacted (¶ 7). The redacted portions of paragraph 5 appeared verbatim in Defendants' motion; therefore, there was no reason that this portion of the declaration should be submitted under seal or in camera. Paragraph 7 contained information regarding Plaintiff's STG status. The court recognized the sensitive nature of this information and potential safety and security hazards posed if other inmates were to come into possession of this information. Therefore, it found compelling reasons existed for filing this portion of the document under seal. Defendants were directed to re-file Exhibit C with paragraphs one through five unredacted, and the remainder filed under seal. (Doc. # 46 at 4-5.)

With respect to Exhibit E, which contains records concerning Plaintiff's STG status, the

1  court found that the compelling reasons existed for filing the first document in this exhibit under
2  seal, but not in camera. As to the second document in Exhibit E, the court found compelling
3  reasons existed for filing the document under seal, but not in camera, and allowed Defendants to
4  redact the names of the officers. (*Id*. at 6.) Regarding the third, fourth and fifth documents in
5  Exhibit E, the court found compelling reasons exist for filing them under seal, but not in camera.
6  (*Id*.at 6-7.)

7  Finally, with respect to Exhibit I, the PSI, the court found that it should be filed under
8  seal but not in camera. (*Id*. at 7.)

9  The court will now address the remaining pending motions to file documents in camera
10 or under seal. The court is concurrently issuing a report and recommendation on Defendants'
11 pending dispositive motions.

## II. LEGAL STANDARD

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025(9th Cir. Mar. 20, 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178.  Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, must meet the "compelling reasons" standard outlined in *Kamakana*. Thus,

1  a party seeking to seal judicial records must show that "compelling reasons supported by specific
2  factual findings...outweigh the general history of access and the public policies favoring
3  disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors
4  including "the public interest in understanding the judicial process and whether disclosure of the
5  material could result in improper use of the material for scandalous or libelous purposes or
6  infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th
7  Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a
8  motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in
9  deciding a motion to seal. *Pintos*, 605 F.3d at 679.

### III. DISCUSSION

**A. Doc. # 32**

In this motion, Defendants seek to file Exhibits F and H in support of their dispositive motions under seal because they include references to Plaintiff's escape history.

Defendants assert that Administrative Regulation (AR) 560.03(6) prohibits an inmate from having access to their C-File and I-File, unless permitted by AR 568. AR 568.02(1)(a) and (b) state that inmates cannot have access to information which might endanger themselves or others. Defendants state that NDOC has a legitimate interest in prohibiting inmates from possessing in their cells any information regarding prior escape attempts. If another inmate should see this information, the inmate could believe that the inmate who attempted an escape has specialized knowledge which might assist them in an escape, or the inmate who attempted escape could become the target of harassment if he refuses to help others plot escape.

Exhibit F references Plaintiff's escape history, and Exhibit H contains records referencing the escape history. As such, they request that these exhibits be filed under seal. Plaintiff is still permitted to review the documents by making a request to the warden.

Preliminarily, the court notes that in their motion, Defendants assert that a party filing a motion which seeks to keep records private need only assert "good cause" in order to seal the documents. (Doc. # 32 at 2:3-5.) This is not so. As stated above, when a party seeks to file documents under seal in connection with a dispositive motion, such as Defendants have done

here, they must demonstrate "compelling reasons" and not simply "good cause" for shielding the documents from the public. *Kamakana*, 447 F.3d at 1178-79.

Exhibit F is the declaration of Dwayne Deal. (Doc. # 34-6; Doc. # 41-1.) The redacted version of the declaration filed by Defendants contains a portion of paragraph 13 that is redacted, and in addition, a portion of two sentences in paragraph 16 are redacted. (Doc. # 34-6.)

The redacted portion of paragraph 13 simply provides Washington's response to Plaintiff's claim that he did not attempt to escape. It provides no real details about an escape plot, other than to say that Plaintiff was running down the fence line, was ordered to stop repeatedly, and when he did not stop, he was eventually taken into custody. (Doc. # 41-1 at 5.) It is clear from Plaintiff's pleadings and Defendants' motions that Plaintiff is alleged to have made an escape attempt. The redacted portion of this document provides no credence to Defendants' argument that this information would subject Plaintiff or other inmates to harm since Defendants have revealed that Plaintiff has an alleged escape history in their motion which is not filed under seal. Therefore, there is no compelling reason to file these portions of the declaration under seal.

The first redacted sentence in paragraph 16 simply omits the phrase "his escape attempt." (Doc. # 41-1 at 6.) The portion of the second sentence in paragraph 16 that is redacted simply says: "the Washington escape did not result in criminal charges." Defendants' proffered reasons for keeping these statements out of the public view are that another inmate could try and enlist Plaintiff in an escape plot or could harass Plaintiff if he declines to participate. The court does not find compelling reasons to file these portions of Dwayne Deal's declaration under seal. Defendants' motion, not to mention Plaintiff's pleadings, which are available to the public, are riddled with references to alleged escape attempts. Neither of these two sentences in their unredacted form poses any more danger than the details already revealed to the public in Defendants' filings. Therefore, Defendants have not demonstrated compelling reasons for filing this portion of the declaration under seal.

Exhibit H contains several documents. The first is a memorandum dated February 25, 2004, from NDOC to Plaintiff. (Doc. # 41-2 at 2.) The basis for filing this under seal is that it contains references to Plaintiff's escape attempt. The only such reference in this document is that

1   Plaintiff had an escape attempt in 1997 in Washington. This detail is readily apparent from
2   Defendants' motion. Therefore, there is no basis for filing this document under seal.

3   The second document is a letter from the Washington Department of Corrections to
4   Plaintiff dated May 18, 2004, in response to his own correspondence where he asked that the
5   finding of guilt for an escape attempt be expunged from his record. (Doc. # 41-2 at 3.) This
6   document does not contain any details regarding the escape plot other than to say that Plaintiff
7   was ordered to stop and was eventually taken into custody. This document contains no more
8   detail than that already contained in Defendants' motion and does not present an obvious safety
9   or security risk as alluded to by Defendants in their motion to file the document under seal. As
10  such, there is no basis for filing this document under seal.

11  The next document is a case notes printout dated August 3, 2011, containing notes from
12  Plaintiff's review for transfer to medium custody. (Doc. # 41-2 at 4.) The document references an
13  attempted escape in Washington and provides the same minimal details as were included in the
14  prior documents. As such, there is no basis for filing this document under seal.

15  This is followed by a July 6, 1988 "Special Inmate/Special Case OCCC Form 1" which
16  merely states that the director received information that Plaintiff was planning an escape. (Doc.
17  # 41-2 at 5.) That Plaintiff is alleged to have attempted an escape is readily apparent from
18  Plaintiff's pleadings and Defendants' motion. Therefore, there is no basis for filing this document
19  under seal.

20  In conclusion, Defendants' motion (Doc. # 32) to file Exhibits F and H under seal is
21  **DENIED**. Exhibits F and H shall not be redacted or filed under seal. The unredacted version of
22  the documents (Exhibit F at Doc. # 41-1 and Exhibit H at Doc. # 41-2) shall be available to the
23  public.

24  **B. Doc. # 33 & Doc. # 48**

25  In Doc. # 33, Defendants request that Exhibits C, E and I be filed for **in camera review**
26  and not be made available to Plaintiff for review. (Doc. # 33 at 4.) Exhibit C is the full,
27  unredacted declaration of Harold Byrne, which references Plaintiff's STG status. Exhibit E
28  consists of records referencing Plaintiff's STG status. Exhibit I is Plaintiff's presentence

investigation report (PSI).

In support of their motion to file these documents in camera, Defendants again cite AR 560.03 and AR 568, and in addition, state that the Inspector General has interpreted 28 C.F.R. 23.20(e) and (f), regarding Security Threat Group (STG) status, as requiring that such information be kept strictly confidential and that it not be seen by inmates. They further contend that NDOC has a legitimate interest in prohibiting inmates from accessing or possessing information regarding STG or gangs, because a rival gang might see an exposed document stating gang affiliation, which would put the holder of the document in danger. NDOC also states that it has a legitimate interest in keeping a presentence investigation report (PSI) private, as the PSI contains details of the underlying offense, a full criminal history, and contact information for victims.

In Doc. # 48, Defendants seek to file Exhibits C, E and I which reference Plaintiff's STG affiliations, under seal rather than in camera. This motion was filed in response to the court's order (Doc. # 46) which required that copies of the exhibits with permitted redactions be sent to the warden's office for Plaintiff's review.

For the reasons articulated in the court's order at Doc. # 46, Defendants' motion to file these exhibits in camera (Doc. # 33) is **DENIED.** The court already determined that compelling reasons exist for filing the documents under seal, with the redactions permitted in Doc. # 46; therefore, the motion to file the documents under seal (Doc. # 48) is **GRANTED**. Exhibits C, E and I shall be filed under seal.

**C. Doc. # 38**

Here, as they did in Doc. # 32, Defendants seek leave to file under seal Exhibits F and H submitted in support of their dispositive motions. These exhibits include references to Plaintiff's escape history. Defendants cite the same reasons outlined with respect to Doc. # 32 for filing these documents under seal. It is not clear why Defendants filed two motions for leave to file these same exhibits under seal.

For the reasons articulated with respect to Doc. # 32, Defendants' motion to file Exhibits F and H under seal (Doc. # 38) is **DENIED**. Exhibits F and H shall not be redacted or filed under

1. seal. The unredacted version of the documents (Exhibit F at Doc. # 41-1 and Exhibit H at Doc. # 41-2) shall be available to the public.

**D. Doc. # 47**

In this motion, Defendants seek to substitute a new Exhibit C with only paragraph 7 redacted in accordance with the Court's order (Doc. # 46) denying Defendants' motion to submit exhibits in camera. This comports with the court's order (Doc. # 46); therefore, the motion (Doc. # 47) is **GRANTED**. The new Exhibit C (Doc. # 47-1) shall be filed under seal.

**IT IS SO ORDERED**.

DATED: December 11, 2014.

*(signature)*
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE